463 F.2d 1213
 PACIFIC INDEMNITY COMPANY, Plaintiff-Appellant,
v.
UNITED STATES of America et al., Defendants-Appellees,
United States of America,
Defendant-Cross-Defendant-Appellee, Servo-Aero Engineering,
Inc., and Floyd Perry, Defendants, Cross-Complainants-Appellees.
 Nos. 25966, 26836.
 United States Court of Appeals,
 Ninth Circuit.
 June 29, 1972.
 
 Arthur Wasserman, Los Angeles, Cal., for appellant.
 Panelli & Agliano, Salinas, Cal., Robert L. Meyer, U. S. Atty., James Stotter, III, Asst. U. S. Atty., Los Angeles, Cal., Alan S. Rosenthal, Washington, D. C., for appellees.
 Before MERRILL and WRIGHT, Circuit Judges, and NIELSEN,* District Judge.
 PER CURIAM:
 
 
 1
 Pacific Indemnity Company (Pacific) issued a hull and liability insurance policy to Servo-Aero Engineering, Inc., (Servo-Aero) covering a Boeing-Stearman airplane being modified by Servo-Aero. The policy provides that Pacific "agrees with the insured, named in the Declarations [Servo-Aero], . . . [t]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages [liability coverage] . . . [, and] to pay for any direct loss of or damage to the aircraft [hull coverage]." The term "insured" is defined in an omnibus insured clause: "when unqualified and wherever used with respect to [liability coverage, the term 'insured'] shall include not only the named insured but also any person using or riding in the aircraft and any person or organization legally responsible for its use, provided the actual use is with the express permission of the named insured."
 
 
 2
 While undergoing ground testing by employees of the Federal Aviation Agency the airplane caught fire and burned. Pacific paid the loss claimed by Servo-Aero and then brought this action against the United States under the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b), as subrogee to Servo-Aero, alleging that F.A.A. negligence proximately caused the fire and hull damage. An initial motion for summary judgment by the United States was denied without prejudice. On renewal of this motion at trial before a second judge, the district court granted summary judgment and dismissed the complaint with prejudice, holding that the United States was an additional insured for purposes of the hull coverage and consequently that Pacific may not maintain a subrogation action against one of its insureds. Pacific appealed and we reverse and remand for trial on the merits.
 
 
 3
 The United States is an omnibus insured for purposes of liability coverage by the clear and express language of the policy. Pacific agreed with the named insured to protect the named insured and any permissive user, for the ultimate benefit of the named insured, from liability for injury to third parties and their property arising from the use of the aircraft. As to hull coverage, however, the insurer agreed with the named insured to pay the insured for any direct losses to the hull. The unqualified term "insured" is not utilized in the insuring agreement relative to hull coverage. Nor would the named insured benefit from hull coverage being extended to a permissive user. Consequently, the benefit of hull coverage does not inure to the permissive user. The United States is not an insured for purposes of hull coverage.
 
 
 4
 The United States urges that certain provisions of the policy are inconsistent with their exclusion from hull coverage. These provisions include the requirements that the unqualified "insured" cooperate with the insurer in handling any claims and that the insurer is subrogated to all the rights of the unqualified "insureds," and the express agreement that the policy may not inure to the benefit of any carrier or bailee. The appearance of inconsistencies might have been mitigated by better drafting, but they do not serve to change the nature of the insuring agreements. We do not find the unqualified term "insured" in the hull insuring agreements. Only the aircraft and the named insured are mentioned. Therefore, the existence of inconsistencies and an omnibus insured clause do not limit the right of recovery by an insurer-subrogee against the United States.
 
 
 5
 The order dismissing the action is reversed and the cause remanded for trial on the merits.
 
 
 
 *
 Honorable Leland C. Nielsen, United States District Judge, Southern District of California, sitting by designation